IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIBA, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SKY TECHNOLOGIES LLC<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§    Case No. 05 CA 11883-WGY<br>§<br>§<br>§<br>§<br>§ |

**SKY'S ANSWER TO ARIBA'S COMPLAINT FOR DECLARATORY
RELIEF AND COUNTERCLAIM AND DEMAND FOR JURY TRIAL**

Sky Technologies, Inc. ("Sky"), answers Ariba's Complaint for Declaratory Relief as follows:

1. Sky admits the allegations in paragraph 1 of the Complaint.

2. Sky admits the allegations in paragraph 2 of the Complaint.

3. Sky admits the allegations in paragraph 3 of the Complaint.

4. Sky denies the allegations in paragraph 4 of the Complaint.

5. Sky admits the allegations in paragraph 5 of the Complaint.

6. Sky admits the allegations in paragraph 6 of the Complaint.

7. Sky admits the allegations in paragraph 7 of the Complaint.

8. Sky admits the allegations in paragraph 8 of the Complaint.

9. Sky admits the allegations in paragraph 9 of the Complaint.

10. Sky admits that the '050, '653 and '105 patents were filed on the same day.

Except as expressly admitted herein, Sky denies all allegations of paragraph 10 of the Complaint.

11.	Sky admits the allegations in paragraph 11 of the Complaint.

12.	Sky lacks information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, and denies all those allegations on that basis.

13.	Sky admits that it served a supplemental interrogatory response in the IBM litigation alleging that one basis for its patent infringement allegations against IBM is that IBM contributes to and/or induces infringement of the patents-in-suit by virtue of its actions with respect to Ariba products and services, and that it provided a claim chart naming certain Ariba products. Sky lacks sufficient information to admit or deny the remaining allegations in paragraph 13 of the Complaint, and accordingly denies them.

14.	Sky admits that it served on Ariba a third party subpoena seeking specific documents and information to show that IBM directly and/or contributorily infringes Sky's patents and that IBM has induced others to infringe Sky's patents. Sky otherwise denies the allegations in paragraph 14 of the Complaint.

15.	Sky lacks information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint, and denies all those allegations on that basis..

16.	Sky denies the allegations in paragraph 16 of the Complaint.

17.	Sky incorporates its response to the allegations contained in paragraphs 1-16 of the Complaint.

18.	Sky denies the allegations in paragraph 18 of the Complaint.

19.	Sky denies the allegations in paragraph 19 of the Complaint.

20.	Sky incorporates its response to the allegations contained in paragraphs 1-16 of the Complaint.

21.	Sky denies the allegations in paragraph 21 of the Complaint.

22.     Sky denies the allegations in paragraph 22 of the Complaint.

23.     Sky denies the allegations in paragraph 23 of the Complaint.

24.     In response to the Prayer for Relief in the Complaint, Sky denies that Ariba is entitled to any relief.

## COUNTERCLAIMS

25.     Sky repeats and incorporates by reference each and every admission, denial, and allegation contained in paragraphs 1 through 24 of Ariba's Complaint and this Answer as if set forth at length herein.

26.     Sky alleges that there is no actual and justiciable controversy between Ariba and Sky.  The counterclaims alleged by Sky's are therefore contingent upon a finding by the Court that an actual and justiciable controversy does exist and that the Court has subject matter jurisdiction over such action.

### Jurisdiction and Venue

27.     This Court has jurisdiction under 28 U.S.C. § 1338(a).

28.     Ariba has consented to this court's jurisdiction by filing a Complaint for Declaratory Relief in this judicial district.

### Background Facts

29.     In 1998, Jeff Conklin founded TradeAccess, Inc., which later became known as Ozro, Inc.  Sky is the successor in interest to both TradeAccess and Ozro.  Sky, TradeAccess and Ozro are referred to collectively herein as "Sky."

30.     On November 16, 1998, Sky filed applications for U.S. Letters Patent, which ultimately issued as U.S. Patent No. 6,141,653 ("the '653 patent"), U.S. Patent No. 6,336,105 ("the '105 patent"), and U.S. Patent No. 6,338,050 ("the '050 patent").  On

October 31, 2000, the '653 patent was duly and legally issued to Sky. On January 1, 2002, the '105 patent was duly and legally issued to Sky. On January 8, 2002, the '050 patent was duly and legally issued to Sky.

31. Many of the claims of the '653, '105 and '050 patents relate to business software that facilitates multivariate negotiations among two or more parties.

### Ariba's Infringement of Sky's Patents

**A.    The '653 Patent**

32. Ariba is in the business of, among other things, making and selling business products and software that infringe the '653 patent.

33. Ariba has infringed and continues to infringe the '653 patent by making, using, offering to sell and by selling business software embodying claimed subject matter and will continue to do so unless enjoined.

34. Ariba has been and continues to infringe the '653 patent by actively inducing others to infringe the '653 patent with knowledge of the existence of the '653 patent and its infringement.

**B.    The '105 Patent**

35. Ariba is in the business of, among other things, making and selling products and software that infringe the '105 patent.

36. Ariba has infringed and continues to infringe the '105 patent by making, using, offering to sell and by selling products and software embodying claimed subject matter and will continue to do so unless enjoined.

37.     Ariba has infringed and continues to infringe the '105 patent by actively inducing others to infringe the '105 patent with knowledge of the existence of the '105 patent and its infringement.

**C.      The '050 Patent**

38.     Ariba is in the business of, among other things, making and selling products and software that infringe the '050 patent.

39.     Ariba has infringed and continues to infringe the '050 patent by making, using, offering to sell and by selling products and software embodying claimed subject matter and will continue to do so unless enjoined.

40.     Ariba has infringed and continues to infringe the '050 patent by actively inducing others to infringe the '050 patent with knowledge of the existence of the '050 patent and its infringement.

## DEMAND FOR TRIAL BY JURY

41.     Sky demands a trial by jury.

## CAUSE OF ACTION: PATENT INFRINGEMENT

42.     Sky incorporates the preceding paragraphs as if fully set forth herein.

43.     Ariba has violated and continues to violate 35 U.S.C. § 271.  Specifically, Ariba has continued to make, use, import, sell and offer for sale products that infringe the claims of the '653, '105 and '050 patents.  Further, Ariba has induced infringement by others, without a license under the patents.

44.     Sky has been damaged by Ariba's past and continued infringement of its patents.

## REMEDIES AND PRAYER

### Permanent Injunction -- 35 U.S.C. § 283

45.     Sky incorporates the preceding paragraphs as if fully set forth herein.

46.     In addition to monetary damages, Sky also seeks a permanent injunction to prevent Ariba's continued infringement of Sky's patents.  Unless enjoined, Ariba will continue to infringe the '653, '105 and '050 patents as described above.

### Willfulness and Enhanced Damages - - 35 U.S.C. § 284

47.     Sky incorporates the preceding paragraphs as if fully set forth herein.

48.     Ariba was aware of the existence of the '653, '105 and '050 patents and had no sound or good faith basis to believe it had the right to continue its unlicensed use of patented technology.

### Attorneys' Fees - - 35 U.S.C. § 285

49.     Sky incorporates the preceding paragraphs as if fully set forth herein.

50.     Because of Ariba's actions, Sky has been forced to retain counsel to defend itself and enforce its rights.

51.     Ariba's knowing and willful conduct makes this an exceptional case pursuant to 35 U.S.C. § 285.

52.     Pursuant to 35 U.S.C. § 285, Sky seeks the recovery of its reasonable and necessary attorneys' fees incurred in this action.

### PRAYER

WHEREFORE, Sky prays:

(a)     for a judgment that Ariba has infringed and continues to infringe United States Letters Patent No. 6,141,653; No. 6,338,050; and No. 6,336,105;

(b)     for a permanent injunction preventing Ariba and all in privity with it from further infringement of the claims of United States Letters Patent No. 6,141,653; No. 6,338,050; and No. 6,336,105;

(c)     for an award of compensatory damages from Ariba in an amount not less than a reasonable royalty;

(d)     for a threefold increase of the damages from Ariba, as set forth in 35 U.S.C. § 284, based upon Ariba's willful infringement;

(e)     for an award of the costs and expenses of this action and reasonable attorneys' fees herein incurred, as set forth in 35 U.S.C. § 285;

(f)     for pre- and post-judgment interest at the maximum allowable rate under the law; and

(g)     such other and further relief as this Court may deem appropriate either at law or in equity.

Respectfully submitted,

/s/ Andrew D. Kang
Andrew D. Kang
BBO: 637476
E-Mail: kanga@gtlaw.com
GREENBERGTRAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001

Lead Attorney for Sky Technologies LLC

OF COUNSEL:

Stephen D. Susman
State Bar No. 19521000
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

George M. Schwab
E-Mail: gms@townsend.com
April E. Abele
E-Mail: aeabele@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center 8th floor
San Francisco, CA 94111

Attorneys for Sky Technologies LLC

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 8th day of November, 2005, as indicated below:

Magistrate Joyce L. Alexander
John Joseph Moakley United States Courthouse
1 Courthouse Way
Courtroom #24 - 7th Floor
Boston, MA 02210

Geri L. Haight
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111

Robert T. Haslam
L.J. Chris Martiniak
Elizabeth S. Pehrson
Heller Ehrman L.L.P.
333 Bush Street
San Francisco, CA 94104

              /s/ Andrew D. Kang
              Andrew D. Kang