UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARIBA, INC., </br></br> Plaintiff, </br></br> v. </br></br> SKY TECHNOLOGIES, LLC, </br></br> Defendant. | ) ) ) ) ) ) ) Civil Action No.: 05-CA-11883-WGY ) ) ) ) ) |

## **PLAINTIFF ARIBA'S REPLY TO DEFENDANT SKY'S COUNTERCLAIM**

Plaintiff Ariba, Inc. ("Ariba"), replies to the Counterclaim of Defendant Sky Technologies LLC ("Sky") as follows:

25.     No response is necessary to the allegations incorporated from paragraphs 1 through 24 of Sky's Answer.

26.     Ariba denies the allegations in paragraph 26 of the Counterclaim.  As stated in Ariba's Complaint, Ariba alleges that there exists an actual and justiciable controversy between Ariba and Sky relating to Ariba's alleged infringement and the validity of U.S. Patent No. 6,141,653 (the '653 Patent), U.S. Patent No. 6,336,105  (the '105 Patent), and U.S. Patent No. 6,338,050 (the '050 Patent).

27.     Ariba admits the allegations in paragraph 27 of the Counterclaim.

28.     Ariba admits the allegations in paragraph 28 of the Counterclaim.

29.     Ariba lacks sufficient information to form a belief as to the truth of the allegations in paragraph 29 of the Counterclaim, and accordingly denies the allegations of paragraph 29 on that basis.

30.     Ariba lacks sufficient information to form a belief as to Sky's ownership of the

'653, '105, and '050 patents, and accordingly denies that "Sky filed applications for" these patents and that these patents were "duly and legally issued to Sky." Ariba admits the remaining allegations in paragraph 30 of the Counterclaim.

      31.      Ariba denies the allegations in paragraph 31 of the Counterclaim.

      32.      Ariba denies the allegations in paragraph 32 of the Counterclaim.

      33.      Ariba denies the allegations in paragraph 33 of the Counterclaim.

      34.      Ariba denies the allegations in paragraph 34 of the Counterclaim.

      35.      Ariba denies the allegations in paragraph 35 of the Counterclaim.

      36.      Ariba denies the allegations in paragraph 36 of the Counterclaim.

      37.      Ariba denies the allegations in paragraph 37 of the Counterclaim.

      38.      Ariba denies the allegations in paragraph 38 of the Counterclaim.

      39.      Ariba denies the allegations in paragraph 39 of the Counterclaim.

      40.      Ariba denies the allegations in paragraph 40 of the Counterclaim.

      41.      No response is necessary to Sky's demand for a jury trial.

      42.      Ariba incorporates its responses to the allegations from paragraphs 25-41 of Sky's Counterclaim.

      43.      Ariba denies the allegations in paragraph 43 of the Counterclaim.

      44.      Ariba denies the allegations in paragraph 44 of the Counterclaim.

      45.      Ariba incorporates its responses to the allegations from paragraphs 25-44 of Sky's Counterclaim.

      46.      Ariba denies the allegations in paragraph 46 of the Counterclaim.

      47.      Ariba incorporates its responses to the allegations from paragraphs 25-46 of Sky's Counterclaim.

      48.      Ariba denies the allegations in paragraph 48 of the Counterclaim.

      49.      Ariba incorporates its responses to the allegations from paragraphs 25-48 of Sky's Counterclaim.

      50.      Ariba denies the allegations in paragraph 50 of the Counterclaim.

51. Ariba denies the allegations in paragraph 51 of the Counterclaim.

52. Ariba denies the allegations in paragraph 52 of the Counterclaim and further denies that Sky is entitled to any relief.

53. In response to Sky's Prayer, Ariba denies that Sky is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Non-Infringement

54. Ariba has not infringed and is not infringing any claim of the '050, '653, or '105 patents, either literally or under the doctrine of equivalents.

55. Ariba has not contributed to infringement of others, or actively induced others to infringe, any claim of the '050, '653, or '105 patents.

### Second Affirmative Defense:  Invalidity

56. The claims of the '050, '653, and '105 patents are invalid on one or more grounds specified in 35 U.S.C. §§ 101-112 as a condition of patentability.

### Third Affirmative Defense:  Laches

57. Sky's Counterclaim is barred, in whole or in part, by Sky's unreasonable and unduly prejudicial delay in seeking to enforce its patents against Ariba and Ariba's predecessors-in-interest.

### Fourth Affirmative Defense:  Unclean Hands

58. Sky's Counterclaim is barred by the doctrine of unclean hands.

## PRAYER

WHEREFORE, plaintiff Ariba prays this honorable Court for a judgment in its favor and against defendant Sky as follows:

a)       that Sky take nothing by way of its Counterclaim;

b)       for an entry of judgment that the claims of the '050, '653, and '105 patents are invalid;

c)       for an entry of judgment that Ariba's software products and related services do not infringe, either directly or indirectly, any valid, enforceable claim of the '050, '653, or '105 patents;

d)       for an entry of judgment that Ariba has not infringed, either directly or indirectly, any valid, enforceable claim of the '050, '653, or '105 patents;

e)       for a declaration that Sky, its officers, agents, employees, attorneys, and all persons in active concert or participation with them, be permanently enjoined from suing or threatening to sue, or making any charge against Ariba, or its distributors, licensees or customers, concerning alleged infringement of the '050, '653, or '105 patents;

f)       for an award of costs and attorney's fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case or as otherwise permitted by law; and

g)       for such other and further relief as the Court may deem appropriate.

Respectfully submitted,
ARIBA, INC.,
By its attorneys,

/s/   Elizabeth S. Pehrson
_____
H. Joseph Hameline, BBO No. 218710
Geri L. Haight, BBO No. 638185
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Telephone: 617-542-6000
Facsimile: 617-542-2241

OF COUNSEL:
Robert T. Haslam *(pro hac vice)*
L.J. Chris Martiniak *(pro hac vice)*
Elizabeth S. Pehrson *(pro hac vice)*
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

DATED: November 28, 2005

## PROOF OF SERVICE BY U.S. MAIL
### CASE NO.: 05-11883 (WGY)

I, Mark C. Williams, declare as follows:

I am employed with the law firm of Heller Ehrman LLP, whose address is 333 Bush Street, San Francisco, CA 94104-2878. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On November 28, 2005, I served the following:

**PLAINTIFF ARIBA'S REPLY TO DEFENDANT SKY'S COUNTERCLAIM**

on the below parties in this action by placing true copies thereof in sealed envelopes, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Andrew Kang, Esq.
GREENBERG TAURIG, LLP
One International Place
Boston, MA  02110
Tel.: (617) 310-6000
Fax: (617) 310-6001

Stephen D. Susman, Esq.
Max L. Tribble, Jr., Esq.
SUSMAN GODFREY LLP
1000 Louisiana Street, Ste. 5100
Houston, TX  77002
Tel.: (713) 651-9366
Fax: (713) 654-6666

George M. Schwab, Esq.
TOWNSEND & TOWNSEND & CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA  94111
Tel.: (415) 576-0200
Fax: (415) 576-0300

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this proof of service was executed on November 28, 2005 at San Francisco, California.

                                          Mark C. Williams