UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARIBA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-CA-11883-WGY |
| ) | |
| SKY TECHNOLOGIES, LLC, ) | |
| ) | |
| Defendant. ) | |

## JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

Pursuant to the Local Rules and this Court's November 10, 2005 Order, Plaintiff Ariba, Inc. ("Ariba") and Defendant Sky Technologies, LLC ("Sky"), submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order for the above-captioned case.

1.  **Jurisdiction and Venue**. Jurisdiction over this declaratory relief action and counterclaim for patent infringement is proper pursuant to 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 1 *et. seq.* Personal jurisdiction is not contested. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400. Sky reserves its right to file a motion to change venue pursuant to 28 U.S.C. § 1404.

2.  **Procedural History**. The Complaint was filed on September 16, 2005. Defendant answered and counterclaimed on November 8, 2005. On November 10, 2005, this Court issued an order setting a Scheduling Conference for December 19, 2005. Plaintiff replied to the Counterclaim on November 28, 2005.

3.  **Substance of the Action**. Plaintiff Ariba sells a line of products and related services which are generically referred to in its marketing materials as "Ariba Spend Management Solutions," and which are intended to enable enterprises to

efficiently manage the purchasing of non-payroll goods and services required to run their business. Ariba contends that a live and justiciable controversy exists between Sky and Ariba with respect to whether Ariba's products infringe U.S. Patent No. 6,338,050 (the '050 Patent), U.S. Patent No. 6,141,653 (the '653 Patent), and U.S. Patent No. 6,336,105 (the '105 Patent). Ariba contends that it does not infringe, contributorily infringe, or induce infringement of the '050, '653, or '105 patents, and further contends that the claims of the '050, '653, and '105 Patents are invalid. Ariba seeks a declaratory judgment of non-infringement and invalidity.

Sky owns several patents. Sky contends that Ariba is infringing Sky's patents through various activities in which they have engaged. Sky contends that Ariba's infringement is willfull entitling Sky to a trebling of damages. Sky also contends that this is an exceptional case entitling Sky to attorney fees.

4.  **Identification and Narrowing of Issues**. The principal factual and legal issues identified by the parties are:

- Whether Ariba's products infringe the '050, '653, or '105 Patents—either literal infringement or under the doctrine of equivalents;

- If Ariba has infringed the '050, '653, or '105 Patents, whether the infringement was willful;

- Whether this is an exceptional case;

- The amount of damages suffered by Sky should infringement be found;

- Whether the '050, '653, or '105 Patents are invalid either because they are not novel or because they are obvious in light of the prior art;

- Whether the asserted claims of the '050, '653, or '105 Patents are enabled;

- Whether there is an adequate written description to support the asserted claims;

- Whether, under the doctrine of equivalents, the prosecution history of the '050, '653, or '105 Patents bars Sky from proving infringement of the asserted claims;

- Whether Sky's claim of infringement is barred by the doctrine of laches or unclean hands.

5. **Motions**. The parties anticipate that there will be motions of the following types and subjects:

- claim construction

- dispositive motions

- motion to transfer under 28 U.S.C. §1404.

6. **Relief Sought**. Plaintiff Ariba seeks a judgment that the '050, '653, and '105 Patents are invalid and not infringed, and precluding Sky from asserting or threatening to assert further claims against Ariba's products on that basis. Ariba also seeks an award of costs and attorneys fees pursuant to 35 U.S.C. § 285.

Defendant Sky seeks a judgment that Ariba take nothing on its claims for affirmative relief and declaratory judgment action. Sky also seeks by way of its counterclaims a judgment that Ariba has infringed and is infringing Sky's patents. Sky seeks a judgment that Ariba's infringement is willful and that this case is exceptional. Sky seeks compensatory damages, treble damages, and attorney fees.

7. **ADR**. The parties agree to mediate the case 90 days before the scheduled trial date.

8. **Settlement:** In accordance with this Court's rules, Sky Technologies has timely made a written settlement proposal and the parties have met and conferred regarding settlement.

9. **Related Cases**. The parties are not aware of any cases in this Court that are related to this matter.

10. **Discovery.**

Discovery to Date. Plaintiff and Defendants expect to comply with the initial disclosure requirements of Rule 26(a)(1) by December 22, 2005.

3

Protective Order: Ariba anticipates that discovery in this case will require the disclosure of substantial amounts of confidential, proprietary and other commercially sensitive information, and therefore proposes that a Protective Order be entered. Sky does not oppose the entry of a Protective Order; however, Sky believes that the parties may not be able to agree upon the form of a protective order. Sky suggests that in the event that the parties are unable to agree by January 12, 2005 on the form of the order, then the parties will submit the different versions of the order to the Court with a letter of no more than three pages addressing the reasons for that party's version.

Discovery Limits: The parties propose that the limits stated in the Federal Rules of Civil Procedure and Massachusetts Local Rules apply, except that each party will be allowed 15 days of deposition testimony, in increments of one-half day.

Opinion of Counsel. Ariba must elect whether to tender an opinion of counsel as a defense to a finding of willfulness by no later than the earlier of (1) rulings on dispositive motions (and only if they do not moot the issue), or (2) 60 days before trial. Ariba need not make any disclosure regarding such opinion prior to that time. Upon such election, Sky shall have 15 days to complete discovery pertaining to the waiver.

**11.   Joint Proposed Case Management Schedule.** The parties request that the Court enter the following proposed Joint Case Management Schedule:

| Date | Deadline | Explanation/Source |
|---|---|---|
| 2/24/06 | Deadline for Sky to serve disclosure of asserted claims and preliminary infringement contentions | |
| 3/17/06 | Deadline for Ariba to serve preliminary invalidity contentions | 3 weeks after infringement contentions |
| 3/31/06 | Deadline for parties to exchange list of claim terms to be construed by the court | 2 weeks after invalidity contentions |

4

| Date | Deadline | Explanation/Source |
|---|---|---|
| 4/14/06 | Deadline for parties to exchange proposed constructions of each term | 2 weeks after exchange of lists of terms |
| 5/5/06 | Deadline for parties to file opening claim construction briefs (40 pages) | 3 weeks after exchange of construction of terms |
| 5/26/06 | Deadline for parties to file opposing claim construction briefs (40 pages) | 3 weeks after opening briefs |
| 6/7/06 | Claim construction hearing | |
| 8/11/06 | Fact discovery cut-off | |
| 8/18/06 | Deadline to submit opening expert reports | 1 week after fact discovery cut-off |
| 9/15/06 | Deadline to submit rebuttal expert reports | 4 weeks after opening reports |
| 10/6/06 | Expert discovery cut-off | 3 weeks after rebuttal reports |
| 10/13/06 | Deadline for filing motions for summary judgment | 1 week after expert cut-off |
| 11/3/06 | Deadline for oppositions to motions for summary judgment | 3 weeks after opening |
| 11/17/06 | Deadline for replies to motions for summary judgment | 2 weeks after opposition |
| 12/1/06 | Hearing on motions for summary judgment | 2 weeks after replies |
| 2/9/07 | Deadline to exchange Rule 26(a)(3) pretrial disclosures, including identification of witnesses and exhibits | 30 days before date of pretrial conference; Mass LR 16.5(c) |
| 2/23/07 | Deadline to confer regarding objections to Rule 26(a)(3) disclosures and regarding pretrial memorandum | 15 days before pretrial conference; Mass LR 16.5(d) |
| 3/5/07 | Deadline to file pretrial memorandum | 5 business days before pretrial conference; Mass LR 16.5(d) |

| Date | Deadline | Explanation/Source |
|------|----------|--------------------|
| 3/12/07 | Pretrial conference | |
| 3/14/07 | Deadline to file trial brief, including request for rulings or instructions | 5 calendar days before trial; Mass LR 16.5(f) |
| 3/19/07 | First day of trial | |

12. **Trial Schedule**. Both parties have demanded a jury trial. Since Ariba's lead trial counsel, Robert Haslam, has a trial in another matter starting on January 22, 2007, the parties jointly propose a pretrial conference on March 14, 2007, and that trial in this matter begin on March 19, 2007.

13. **Certification by Counsel.** See Exhibit A.

14. **Counsel Service List**

For Plaintiff Ariba:

H. Joseph Hameline, BBO No. 218710
Geri L. Haight, BBO No. 638185
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Telephone: 617-542-6000
Facsimile: 617-542-2241

Robert T. Haslam *(pro hac vice)*
L.J. Chris Martiniak *(pro hac vice)*
Robert D. Fram *(pro hac vice)*
Annette Hurst *(pro hac vice)*
Elizabeth S. Pehrson *(pro hac vice)*
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

For Defendant Sky:

Andrew Kang, Esq.
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Tel.: (617) 310-6000
Fax: (617) 310-6001

Stephen D. Susman, Esq.
Max L. Tribble, Jr., Esq.
Brian D. Melton, Esq.
SUSMAN GODFREY LLP
1000 Louisiana Street, Ste. 5100
Houston, TX 77002
Tel.: (713) 651-9366
Fax: (713) 654-6666

DATED: December 12, 2005

By: _____

Attorneys for Defendant
SKY TECHNOLOGIES, LLC

DATED: December 12, 2005

By: _____

Attorneys for Plaintiff
ARIBA, INC.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____

_____
Honorable William G. Young
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
## CERTIFICATION BY PARTIES AND COUNSEL

As required by Local Rule 16.1(d)(3), Ariba and its counsel hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____          _____

Attorney for Ariba                                      Representative of Ariba


As required by Local Rule 16.1(d)(3), Sky and its counsel hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____          _____

Attorney for Sky                                        Representative of Sky

# EXHIBIT A
## CERTIFICATION BY PARTIES AND COUNSEL

As required by Local Rule 16.1(d)(3), Ariba and its counsel hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____    _____
Attorney for Ariba                                        Representative of Ariba

As required by Local Rule 16.1(d)(3), Sky and its counsel hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____    _____
Attorney for Sky                                          Representative of Sky

8

PROOF OF SERVICE BY U.S. MAIL
CASE NO.: 05-11883 (WGY)

I, Michael Ewers, declare as follows:

I am employed with the law firm of Heller Ehrman LLP, whose address is 333 Bush Street, San Francisco, CA 94104-2878. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On December 12, 2005, I served the following:

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

on the below parties in this action by placing true copies thereof in sealed envelopes, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

| | |
|---|---|
| George M. Schwab, Esq.<br>TOWNSEND & TOWNSEND & CREW LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, CA 94111<br>Tel.: (415) 576-0200<br>Fax: (415) 576-0300 | Stephen D. Susman, Esq.<br>Max L. Tribble, Jr., Esq.<br>Brian D. Melton, Esq.<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel.: (713) 651-9366<br>Fax: (713) 654-6666 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this proof of service was executed on December 12, 2005 at San Francisco, California.

/s/    Michael Ewers